UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MATHENY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CA PAYROLL, INC., a Delaware Corporation, and DOE ONE through and including DOE ONE HUNDRED,<br><br>Defendants | Case No. 2:11-cv-02522 SJO (PJWx)<br><br>[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>Judge: ~~Hon. S. James Otero~~ PATRICK J. WALSH<br>Courtroom: ~~1~~ 23 |

On July 13, 2011, the parties submitted for consideration a Stipulated Protective Order. The parties stipulate that in the course of this dispute, disclosure may be sought and made of information that a party regards as being of a confidential, personal, private, trade secret, proprietary, technical, commercial, or financial nature (hereinafter collectively referred to as "Confidential Information"). In particular, the subject matter of this dispute may involve discovery concerning Defendant's financial and operational information, incentive compensation, severance plans and customer relationships and contracts. The parties desire to protect against the unauthorized disclosure and use of Confidential Information.

Having reviewed the Stipulation submitted by the parties, and good cause appearing, it is hereby ordered that the Stipulation is granted as follows:

1. All originals and copies of deposition transcripts, exhibits thereto, deposition videotapes, responses to interrogatories and requests for admissions, responses to requests for the production of documents, and all documents, materials, tangible things and other information obtained through any and all manner and means of formal or informal discovery ("Discovery Materials") that comprise, constitute, or contain any Confidential Information shall be governed by this Protective Order.

2. Any party or nonparty producing or disclosing Confidential Information as part of discovery in this action may designate such information as: (1) "Confidential" or (2) "Highly Confidential—Attorneys Eyes Only" under the terms of this Protective Order.

3. As a general guideline, Discovery Materials that may be designated as "Confidential" shall be those Discovery Materials that may be disclosed only to those specified under Paragraph 8(a)-(i) for the purposes of this action, but that should be protected against disclosure to third parties, such as information the party in the ordinary course of business does not or would not publicly disclose or information that a party is under a preexisting obligation or agreement to maintain

as confidential.

**4.** As a general guideline, Discovery Materials that may be designated as "Highly Confidential—Attorneys Eyes Only" shall be those Discovery Materials that may be disclosed only to those specified under Paragraph 8(b)-(i) for the purposes of this action, but are things that are of a proprietary, commercially sensitive, or non-public financial nature that may be of value to a competitor, that implicate the privacy rights or confidentiality of third parties or Defendant, or that a party is under a preexisting obligation or agreement to maintain or protect as such. Examples of such Discovery Materials include, but are not necessarily limited to, trade secrets, confidential or sensitive business information, non-public financial data, sales records or data, individual employee or principal compensation, or individual employee agreements.

**5.** Confidential Information shall be used by the parties and their counsel solely for the purposes of this litigation, and shall not be used for any business, competitive, governmental, or financial purpose or function or any other purpose or function whatsoever, and it shall not be disclosed to anyone except as provided in this Protective Order.

**6.** The designation of Discovery Materials as "Confidential" or "Highly Confidential—Attorneys Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

**(a)** for all Discovery Materials, other than deposition transcripts or videotapes: by affixing the legend "Confidential" or "Highly Confidential—Attorneys Eyes Only," as appropriate, to each page containing any Confidential Information at the time such documents are produced or information otherwise disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected under this Protective Order.

**(b)** for deposition transcripts or videotapes: by a statement on the

record by counsel during the deposition that the entire deposition or a portion thereof shall be designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," as appropriate under this Protective Order. The parties or nonparty subject to a deposition may modify this procedure for any particular deposition through agreement on the record at the deposition or otherwise by written agreement, subject to review by the Court, if appropriate. For any Discovery Materials designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" that are used during the course of the deposition, that portion of the deposition transcript and videotape shall be stamped with the appropriate confidentiality legend and access thereto shall be governed pursuant to the terms of this Protective Order.

7. With respect to any testimony elicited during any deposition, when a line of questing calls for or has resulted in the disclosure of information that should be treated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," and any person is in attendance at the deposition that is not permitted to receive such information pursuant to this Protective Order, other than the witness being examined, such person shall be excluded from those portions of the deposition during which disclosure of Confidential Information occurs.

8. Discovery Materials designated as "Confidential" (as well as any compilations, summaries, extracts or derivatives thereof, or motions, applications, memoranda of points and authorities, briefs, other documents filed, lodged, or submitted to the Court containing such information) may be disclosed only to those persons in categories (a) through (i) below, and Discovery Materials designated as "Highly Confidential—Attorneys Eyes Only" (as well as any compilations, summaries, extracts or derivatives thereof, or motions, applications, memoranda of points and authorities, briefs, other documents filed, lodged, or submitted to the Court containing such information) may be disclosed only to those persons in categories (b) through (i) below:

(a) Plaintiff and Defendant and its personnel to the extent reasonably necessary for purposes of the litigation;

(b) the parties' respective outside counsel of record, including regular and temporary employees of such counsel to whom it is reasonably necessary that the Discovery Materials be shown for the purposes of this litigation, such as attorneys, paralegals, clerks, secretaries, and document processing;

(c) outside copying, scanning, graphic production, or litigation support services used by the parties or their outside counsel for purposes of the litigation, as well as outside computer service personnel performing duties relating to computerized litigation or document management systems;

(d) consultants ("consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party or a party who is not a current employee of a party) conditioned upon compliance with Paragraph 9;

(e) jury or trial consulting services retained by outside counsel or a party, conditioned upon compliance with Paragraph 9;

(f) the Court, including clerks and other Court personnel;

(g) court reporters and employees of court reporters involved in taking, transcribing, or videotaping testimony in this action, provided that any such court reporting personnel agrees that all Confidential Information shall remain confidential and shall not be disclosed, except as provided under the terms of the Protective Order;

(h) any other person to whom the parties agree in writing;

(i) any other person only upon order of the Court upon a regularly noticed motion or upon written consent of the party producing the Confidential Information.

9. All persons listed in Paragraph 8(d) or (e) shall not have access to

information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" until they confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the "Confidentiality Agreement" attached hereto as Exhibit A. A party seeking to disclose "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to an individual identified in Paragraph 8(d) or (e) shall retain a copy of each "Confidentiality Agreement" executed by those individuals and produce all such documents to the other named parties within sixty (60) days of a final judgment. With respect to individuals falling within 8(d), no Confidential Information pertaining to the party adverse to the party engaging the 8(d) individual shall be provided to any such individual without prior notice of the individual's identity and resume or curriculum vitae to the other side and allowing for a reasonable opportunity to object. The other named parties shall produce this information within five (5) days of receiving such demand.

10. Notwithstanding Paragraph 8 above, Confidential Information may be shown at a deposition to a witness and their respective counsel where at least one of the following conditions applies: (a) the witness is a current employee of the producing party; (b) with respect to documents or communications designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," the witness is identified as an author or recipient of the document or otherwise saw or had access to the document prior to its production in this action, or is known to be aware of such information prior to its production in this action; (c) the producing party has consented on the record of the deposition, hearing, or trial to the disclosure of the Confidential Information to the witness; (d) at least ten (10) court days before the deposition, the party desiring to disclose Confidential Information to the witness notifies the producing party, and specifically identifies the Confidential Information to be disclosed, and the producing party fails to object in writing before the expiration of the ten (10) day period. A deposition witness shown Confidential

Information shall not be allowed to retain copies of any Confidential Information received, but may review the Confidential Material while reviewing the transcript of such deposition if the Confidential Information is attached as an exhibit to the deposition transcript.

11. All documents filed with the Court that contain Confidential Information, including motions, applications, memoranda of points and authorities, briefs, other documents filed, lodged, or submitted to the Court that contain or purport to contain, or a reproduction, summary, compilation, or paraphrasing of Confidential Information, shall comply with the filing-under-seal provisions of United States District Court, Central District of California Local Rule 79-5, and shall file the document or documents conditionally under seal.

12. Any court reporter or videographer who transcribes or videotapes deposition testimony shall agree, before transcribing or videotaping any such testimony, that: (a) all Confidential Information testimony is and shall remain confidential and shall not be disclose to any person except the attorneys of record and other persons present at the deposition while such testimony is being given; and (b) copies or drafts of any transcript or videotape and notes or records recording such deposition testimony that the reporter or videographer retains shall be retained in absolute confidentiality and safekeeping.

13. No party shall be obligated to challenge the propriety or appropriateness of the designation of any Discovery Material as "Confidential" or "Highly Confidential—Attorneys Eyes Only," and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose Confidential Information to persons not identified in this Protective Order or motion to otherwise modify the provisions of this Protective Order.

14. A party may challenge another party or nonparty's designation of Confidential Information by serving a written objection upon the producing party. The producing party shall then notify the challenging party in writing of the

grounds for the asserted designation within 14 days after receiving the written objection. The parties shall confer in good faith as to the validity of the designation within five (5) court days after receiving the producing party's grounds for the asserted designation. If the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with any Confidential Information filed with the Court in support of or in opposition to any such application being filed in compliance with Paragraph 11, requesting that the Confidential Information be downgraded in terms of the degree of protection provided or receive no protection at all. Until the parties or the Court resolves a challenge under this Paragraph, all parties shall treat the information as designated by the producing party.

15. Entering into, agreeing to, producing or receiving Discovery Materials designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

**(a)** operate as an admission by any party that any particular information designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

**(b)** operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential—Attorneys Eyes Only;

**(c)** prejudice in any way the rights of the parties to object to discovery requests;

**(d)** prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

**(e)** prejudice in any way the rights of a party to seek a

determination by the Court regarding whether any information or material should be subject to the terms of this Protective Order;

      **(f)**    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

      **(g)**    prevent the producing party and the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material, subject to Court approval, as appropriate.

    **16.**    This Protective Order has no effect on, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose, whether or not also produced by another party.

    **17.**    Nothing contained in this Protective Order shall impose any restrictions on the use or disclosure by a party of Confidential Information obtained lawfully by such party independently of this action that was, is, or becomes publicly known through no fault or act of such party or that is rightfully received by such party from a third party which has the authority to provide such information without restriction as to disclosure.

    **18.**    Any party or nonparty who inadvertently fails to designate information or materials as "Confidential" or "Highly Confidential—Attorneys Eyes Only" upon production or disclosure or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such information shall be treated by all other parties as being so designated from the time of the notification in writing of the inadvertent failure to designate or changed designation. A party shall correct its failure to designate an item as "Confidential" or "Highly Confidential—Attorneys Eyes Only" or change the designation in writing accompanied by substitute copies of the Discovery Materials that are

appropriately designated. The parties agree that the inadvertent disclosure of Confidential Information by the producing party without designating the Discovery Materials as "Confidential" or "Highly Confidential—Attorneys Eyes Only" shall not be treated as a waiver in whole or in part of a producing party's claim of confidentiality as to the information disclosed, and each party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. Upon receiving notice of the inadvertent production, the receiving party shall endeavor in good faith to obtain any and all copies of the inadvertently produced Discovery Materials that it distributed or disclosed to persons not authorized to access such information had the information originally been designated as Confidential Information, as well as any copies made by such persons, and shall discontinue any impermissible use of the information.

19. Third party discovery in this proceeding may involve disclosure of confidential information, which if designated in conformity with the provisions of this Protective Order, shall be subject to the provisions hereof, and provide the nonparty with all the rights and obligations set forth herein. In order to expedite third party discovery, a copy of this Protective Order shall be served with all third party discovery.

20. This Protective Order shall not prevent a party from applying to the Court for relief from it, or from applying to the Court for further or additional protective orders.

21. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this action, including, without limitation, any appeals. Within sixty (60) days of final disposition of this action, all persons having received Confidential Information, except the Court, including clerks and other Court personnel, shall return all such Confidential Information and all copies thereof (including summaries and excerpts) to counsel for the producing party or

alternatively, destroy such Confidential Information and provide written certification of the destruction to counsel for the producing party. Notwithstanding the foregoing, outside counsel described in Paragraph 8(b) shall be entitled to retain court filings, deposition transcripts, and attorney work production containing Confidential Information subject to an ongoing obligation to maintain its confidentiality. All materials returned to the parties by the Court, if any, shall likewise be disposed of in accordance with this paragraph.

22. With respect to the use of any information that has been designated Confidential or Highly Confidential pursuant to this Protective Order at any hearing in open court, the following procedure shall be used. The party that intends to disclose Confidential Information of a producing party at any hearing in open court shall give 14-days' written notice to counsel for the producing party of the information that it intends to disclose at such hearing. It shall then be the responsibility of the producing party to file a motion with the Court that demonstrates the need to protect such information from disclosure and request adequate measures to protect such information from disclosure. However, to the extent that a party intends to disclose or rely upon Confidential Information of a producing party at a hearing on a motion, and such information was included in the moving papers, no notice is required pursuant to this paragraph. At trial, the party that intends to disclose Confidential Information shall advise the producing party of its intent at the first reasonable opportunity and in all cases before such Confidential Information is introduced at trial and outside of the presence of the jury. The producing party shall thereafter have an opportunity, outside of the presence of the jury, to object to the disclosure and request adequate protective measures be taken.

23. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material that was produced or designated as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within 14 days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" with a copy of said subpoena or other process or order; shall object to its production by setting forth the existence of this Protective Order; and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**IT IS SO ORDERED**

Dated 7/14, 2011

~~Hon. S. James Otero~~ PATRICK J. WALSH
UNITED STATES ~~DISTRICT~~ Magistrate JUDGE

# EXHIBIT A

## Confidentiality Agreement

I, _____, declare under penalty of perjury under the laws of the State of California that:

1. My address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation or job description is _____
_____.

I HEREBY CERTIFY AND AGREE that I (a) have read and understood the terms of the Protective Order in the matter of *Charles Matheny v. CA Payroll, Inc.* Case No. 2:11-cv-02522 SJO (PJWx) ("Protective Order"); (b) will not use or disclose to anyone any of the contents of any "Confidential" or "Highly Confidential – Attorney's Eyes Only" information designated under the Protective Order except for purposes explicitly allowed by the Protective Order; and (c) agree to be bound by the terms and conditions of the Protective Order.

I understand that I am to retain all copies of any of the materials that I receive which have been designated under the Protective Order in a container, cabinet, drawer, room, or other safe place that limits access to the materials and that all copies are to remain in my custody until I have completed my duties, whereupon the copies are to be returned to outside counsel or destroyed as specified in the Protective Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing confidentiality obligations imposed upon me by the Protective Order.

Signed by: _____

Type or Print Name: _____

Dated: _____